# A. B. JENKS

*v.*

# THE CITY OF CHICAGO.

SPECIAL ASSESSMENTS *in Chicago — by whom to be determined — validity of an ordinance in that regard.* An ordinance of the common council of the city of Chicago, directed that a certain street should be curbed, filled and paved, " excepting such portions of the above described work which have been already done in a suitable manner, said work to be done under the superintendence of the board of public works, conformably to the drawing prepared by said board, and hereto annexed." There was nothing in the drawing referred to in the ordinance, nor in any of the papers or pro-ceedings in the case, which was an application for judgment upon an assess-ment, to define what portions of the work had been done in a suitable man ner, but the ordinance left the determination of that question to the discretion of the board of public works, and was therefore void.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. S. A. IRVIN, for the appellant.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an application made by the city collector, at the March term, 1870, of the Superior Court of Chicago, for judgment upon a special assessment warrant for certain improvements upon West Twelfth street, in the city of Chicago.

The ordinance upon which the assessment was based reads as follows: " That West Twelfth street, from the east line of Halstead street, to the west line of Canal street, and from the east line of Canal street to a point 685 feet east of the east line of

Beach street, be and is hereby ordered curbed with curb-walls, filled, and paved with wooden blocks (excepting such portions of the above described work which have been already done in a suitable manner), said work to be done under the superintendence of the board of public works, conformably to the drawing prepared by said board, and hereto annexed."

The oath of the commissioners, notice of the assessment given by them, and the heading of the assessment roll, all contain the same exception, " of such portions of the above described work, which have been already done in a suitable manner."

Appellant filed objections to the recovery of the judgment, and among them, raised the question as to the validity of the ordinance. There is nothing in the drawing referred to in the ordinance, nor in any of the papers or proceedings in the case, which tends, in the least, to define any such portions of the work, which have been already done. As the ordinance declares the work shall be done. under the superintendence of the board of public works, it is an attempt to clothe that board with a discretionary power which the law does not warrant, and this court will not tolerate; because it opens the door to fraud and favoritism. This case falls directly within that of *Foss* v. *The City of Chicago, ante,* p. 354, in which we held such an ordinance void. This point being decisive of the case, it is unnecessary to consider the others presented by the record and argued by counsel. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*